UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VENUS ALSTON                          :
                                      :
        v.                            :        C.A. No. 15-550S
                                      :
NANCY A. BERRYHILL,[1] Acting         :
Commissioner of the Social Security   :
Administration                        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

        This matter is before the Court for judicial review of a final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI")

under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on

December 24, 2015 seeking to reverse the decision of the Commissioner.  On October 29, 2016,

Plaintiff filed a Motion to Reverse the Decision of the Commissioner.   (Document No. 14).   On

January 30, 2017, the Commissioner filed a Motion for an Order Affirming the Decision of the

Commissioner. (Document No. 17). On February 13, 2017, Plaintiff filed a Reply Brief.  (Document

No. 18).

        This matter has been referred to me for preliminary review, findings and recommended

disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'

submissions and independent research, I find that there is substantial evidence in this record to support

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal
Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as
Defendant in this action.

the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 14) be DENIED and that the Commissioner's Motion to Affirm (Document No. 17) be GRANTED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for SSI on March 20, 2012 alleging disability since January 1, 2011. (Tr. 131-139). The application was denied initially on June 12, 2012. (Tr. 52-64) and on reconsideration on April 11, 2013. (Tr. 89-91). Plaintiff requested an Administrative Hearing. On February 27, 2014, a hearing was held before Administrative Law Judge Donald P. Cole (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") and medical expert ("ME") appeared and testified. (Tr. 720-764). The ALJ issued an unfavorable decision to Plaintiff on April 4, 2014. (Tr. 23-25, 26-37). The Appeals Council denied Plaintiff's request for review on December 4, 2015. (Tr. 3-5). Therefore the ALJ's decision became final. A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ committed reversible errors at Step 5.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's Step 5 findings are supported by the record and must be affirmed.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and

Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand

appropriate where record was insufficient to affirm, but also was insufficient for district court to find

claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four

remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart,

274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the

case on a complete record, including any new material evidence.   Diorio v. Heckler, 721 F.2d 726,

729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals

Council).  After a sentence four remand, the court enters a final and appealable judgment immediately,

and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken
> before the Commissioner of Social Security, but only upon a showing
> that there is new evidence which is material and that there is good
> cause for the failure to incorporate such evidence into the record in a
> prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new,

non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a

reasonable possibility that it would change the administrative result; and (3) there is good cause for

failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-

1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner,

if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the

parties must return to the court after remand to file modified findings of fact.  Id.  The court retains

-4-

jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

IV.    THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a

treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

## B.     Developing the Record

The ALJ has a duty to fully and fairly develop the record.     Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists

if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing

other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).

Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner

bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step

process applies to both SSDI and SSI claims).

  In determining whether a claimant's physical and mental impairments are sufficiently severe,

the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any

medically severe combination of impairments throughout the disability determination process.  42

U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to

the effect of a combination of impairments when determining whether an individual is disabled.  Davis

v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

  The claimant bears the ultimate burden of proving the existence of a disability as defined by

the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the

last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and

Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes

disabled after she has lost insured status, her claim for disability benefits must be denied despite her

disability.  Id.

### E. Other Work

  Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts

to the Commissioner to establish that the claimant could perform other work that exists in the national

economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the

ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen

v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through

exclusive reliance on the Medical-Vocational Guidelines (the "grids"). <u>Seavey</u>, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. <u>Id.</u>; <u>see also</u> <u>Heckler v. Campbell</u>, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. <u>Nguyen</u>, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. <u>Heggarty</u>, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. <u>See</u> <u>Ferguson v. Schweiker</u>, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment." <u>Nguyen</u>, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including

pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

    (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    (4)    Treatment, other than medication, for relief of pain;

    (5)    Functional restrictions; and

    (6)    The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

## 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

-10-

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.     APPLICATION AND ANALYSIS

### A.     The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that Plaintiff's carpal tunnel syndrome with reflex sympathetic dystrophy/chronic pain syndrome, affective and anxiety related disorders were "severe" impairments as defined in 20 C.F.R. § 416.921.  (Tr. 29).  The ALJ concluded at Step 3 that Plaintiff's impairments did not, either singly or in combination, meet or medically equal any of the Listings.  (Tr. 30-31).  As to RFC, the ALJ determined that Plaintiff was able to perform a limited range of light work subject to several exertional, postural and nonexertional limitations.  (Tr. 32-33).  Since Plaintiff has no past relevant work history, the ALJ moved to Step 5 and determined that Plaintiff was not disabled because she was capable of performing unskilled light positions available in the economy.  (Tr. 36-37).

### B.     The Grids

Plaintiff's first argument is that a finding of disability in this case is mandated by the Medical Vocational Guidelines, i.e., the so-called "GRIDS."  Plaintiff has no past relevant work, limited education and is closely approaching advanced age.  Thus, under Section 201.09 of the Grids, a finding of disabled would be dictated if Plaintiff was limited to sedentary work.

-11-

Plaintiff contends that the ALJ erred by finding at Step 5 that Plaintiff could perform a sedentary job. Even assuming that the ALJ found that Plaintiff was able to perform a sedentary job, he did not find that Plaintiff was limited to sedentary work. Rather, the ALJ found that Plaintiff could perform a limited range of <u>light</u> work and therefore the Grids were not controlling. (Tr. 36). Accordingly, the ALJ properly relied upon opinion testimony from the VE at Step 5.

### C.    Social Security Ruling 00-4p

Plaintiff contends that the ALJ violated SSR 00-4p by failing to resolve an inconsistency between the VE's testimony and the DOT. (Document No. 14 at p. 10).

SSR 00-4p provides in relevant part as follows:

> Occupational evidence provided by a VE...generally should be consistent with the occupational information supplied by the DOT. When there is an <u>apparent unresolved conflict</u> between VE...evidence and the DOT , the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE...evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

(emphasis added). This District has plainly held in prior cases that the mere failure to inquire under SSR 00-4p does not entitle a claimant to remand. <u>See</u> <u>Huffman v. Astrue</u>, No. 08-392 ML, 2009 WL 4927136 (D.R.I. Nov. 24, 2009); <u>Senay v. Astrue</u>, No. 06-548S, 2009 WL 229953 (D.R.I. Jan. 30, 2009); and <u>Jette v. Astrue</u>, No. 07-437A, 2008 WL 4568100 (D.R.I. Oct. 14, 2008). Here, the ALJ asked the VE to indicate if his testimony was inconsistent with the DOT and he did not. (Tr. 754). Further, in his decision, the ALJ accurately observes that "[t]here is no evidence in the record of any inconsistency" between the VE's testimony and the DOT. (Tr. 37).

Plaintiff's argument that the ALJ failed to resolve an inconsistency between the VE's testimony and the DOT fails. First, the ALJ had no duty under SSR 00-4p to resolve an inconsistency because no unresolved conflict was "apparent" from the record. See Huffman, supra. Neither the ALJ, the VE nor Plaintiff's counsel identified any apparent conflict at the hearing. In fact, Plaintiff's counsel chose not to pose any questions to the VE about the consistency of his opinions with the DOT. (Tr. 763).

Second, Plaintiff does not presently identify any unresolved conflict between the VE's opinion and the DOT. In particular, Plaintiff argues that the ALJ failed to resolve a conflict in the amount of fine manipulation and handling required by the light machine tender position. (Document No. 14 at pp. 10-12). This position requires frequent fingering (fine manipulation) and handling (see Document No. 14-2), which exceeds the RFC restrictions to no fine manipulation and occasional handling with respect to the right hand, and occasional handling with respect to the left hand post-June 2013. (See Tr. pp. 32-33). As SSR 00-4p explains:

> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

The VE here did precisely that. As previously noted, the ALJ directed the VE to tell him if his testimony was inconsistent with the DOT, whether or not he asked. (Tr. 754). When the VE identified the machine tender positions, he explained that the available numbers would be reduced by approximately 80%, specifically attributing this to manipulative and pulmonary limitations. (Tr. 761-762). In other words, consistent with the dictates of SSR 00-4p, the VE provided additional, specific testimony concerning what percentage of inserting machine operator jobs could be performed below the maximum requirements listed in the DOT for someone with Plaintiff's RFC. The ALJ relied on the VE's more specific testimony, and reduced the number of jobs available within the occupation

-13-

identified in conformity with that opinion testimony.  (Tr. 37).  This reduction in numbers represented

the percentage of jobs available below that occupation's maximum requirements as listed in the DOT.

Thus, the ALJ effectively resolved any inconsistency between his RFC finding and the occupation the

VE identified.  Plaintiff has shown no error.[2]

The ALJ properly relied on VE testimony as to a significant number of jobs, and reduced the

numbers of these jobs pursuant to the VE's testimony in order to account for those that would allow

for the specific limitations he assessed.  Plaintiff has failed to show that the ALJ erred in doing so.

Since substantial evidence supports the ALJ's Step 5 finding, it must be affirmed.

Finally, Plaintiff points out that both SSR 83-10 and SSR 96-9p underscore that "most

sedentary jobs require good use of both hands."  However, those Rulings do not say that all sedentary

jobs require good use of both hands or that no sedentary jobs could be performed with the limitations

in question.  Rather, SSR 96-9p counsels that, in considering the extent of a particular limitations

erosion of the unskilled sedentary occupational base, "it may be useful to consult a vocational

resource."  The ALJ did so here, and Plaintiff has shown no error in that regard.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse the Decision

of the Commissioner (Document No. 14) be DENIED and that Defendant's Motion for an Order

---

[2] Plaintiff acknowledges the ALJ's reduction in the available jobs, but contends that he erred because there was no explanation for how the remaining jobs could be performed within the scope of the ALJ's RFC finding.  However, Plaintiff's counsel did not identify any unresolved conflict during the hearing, nor did she consider additional development to be necessary with respect to the manipulative and respiratory restrictions.  (See Tr. 763).  Accordingly, any further challenge now that the ALJ did not sufficiently account for the discrepancy by reducing the available job numbers in accordance with the VE's testimony is waived.  See Senay v. Astrue, No. 1:06-cv-548, 2009 WL 229953 at *11 (D.R.I. Jan. 30, 2009) ("The ruling requires an explanation only if the discrepancy was 'identified' – that is, if the claimant (or the ALJ on his behalf) noticed the conflict and asked for a substantiation.  Raising a discrepancy only after the hearing, as [the claimant's] lawyer did, is too late.") (quoting Donahue v. Barnhart, 279 F.3d 441, 447 (7th Cir. 2002)); Aho v. Comm. of Soc. Sec., C.A. No. 10-40052-FDS, 2011 WL 3511518 at *14 (D. Mass. Aug. 10, 2011) ("Plaintiff's counsel failed to inquire on this issue or to raise an objection to the vocational expert's testimony....Therefore, even assuming that an inconsistency does exist, there was no violation of SSR 00-4p.") (citations omitted).

Affirming the Decision of the Commissioner (Document No. 17) be GRANTED.   Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72.   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.   See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 14, 2017